FILED
TARRANT COUNTY
6/2/2016 1:43:57 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 141-285788-16

| | | |
|---|---|---|
| **BROTHERS B AND B CONTRACTING, INC.**<br>Plaintiff, | § § § § | IN THE DISTRICT COURT |
| VS. | § § | _____ JUDICIAL DISTRICT |
| **ACADIA INSURANCE COMPANY**<br>Defendant. | § § § | TARRANT COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff Brothers B and B Contracting, Inc. ("Plaintiff"), complaining of Defendant, Acadia Insurance Company ("Defendant"), and for cause of action Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.01   Discovery in this cause is intended to be conducted under "Level 3" pursuant to RULE 190.4, TEXAS RULES OF CIVIL PROCEDURE.

1.02   Plaintiff seeks monetary relief over $100,000.00, but not more than $200,000.00.

### II.
### PARTIES

2.01   Plaintiff Brothers B and B Contracting, Inc. (hereinafter referred to as "B&B") is a Texas Corporation with its principle place of business located in Grand Prairie, Texas.

2.02   Defendant, Acadia Insurance Company, (hereinafter referred to as "Acadia") is a New Hampshire corporation with its principle place of business in Westbrook, Maine. Defendant may be served with process in this cause by service upon its registered agent, Craig Sparks 122 West Carpenter Freeway Suite 350, Irving TX 75039-2094

## III.
## VENUE

**3.01** Venue is proper in Tarrant County, Texas, pursuant to Section 15.002 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE in that Tarrant County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, where the incident occurred, and where the construction project was located.

## IV.
## FACTS

**4.01** B&B purchased a Commercial Lines Policy from Acadia, Policy No. CPA4665476-11. The policy period was from April 19, 2015 to April 19, 2016. B&B had entered into a contract with the YMCA to perform repairs to their facility, which included painting.

**4.02** B&B hired Dan Keenan Paint Company to perform this portion of the work. During the performance of this work, a sprinkler head was dislodged, which caused flooding of the building.

**4.03** B&B, as the general contractor, contacted a water restoration contractor to mitigate the damages caused by the water. B&B also was required to repair the portions of the building which were damaged, and which were not part of the original construction contract, such as the hardwood floors.

**4.04** B&B contacted its commercial general liability insurer and made a claim. Acadia refused to honor its contractual agreements to defend and indemnify B&B from this loss. On February 18, 2016, B&B gave notice of its intent to pursue this claim as a breach of contract claim, a violation of the DTPA, and a violation of the Texas Insurance Code.

**4.05**   On March 24, 2016, Acadia responded by claiming that it never denied B&B's claim, but just has not made the determination that "Brothers' liability is reasonably clear." As far as B&B is aware, it has never received this "determination."

**4.06**   B&B was required to make good all of the losses sustained by the YMCA as a result of the incident and has not been reimbursed by Acadia, or ever told that the claim was denied.

**4.07**   All conditions precedent to bring these claims have been satisfied or have been waived.

## V.
## CAUSES OF ACTION

**A.   BREACH OF CONTRACT**

**5.01**   Incorporating the foregoing paragraphs, Acadia has breached the terms of the insuring agreement by failing to defend and indemnify B&B as required by the contract. B&B has specifically paid for coverage in this situation, to include coverage for an inadequately insurance subcontractor. Despite numerous demands, Acadia has failed and refused to pay these costs of repair. Acadia has, therefore, breached the parties' agreement and such breach has been a proximate cause of B&B's damages in an amount within the jurisdictional limits of this Court.

**B.   VIOLATION OF THE TEXAS INSURANCE CODE**

**5.02**   Incorporating the foregoing paragraphs, Acadia has violated the provisions of the Texas Insurance Code in that Acadia has misrepresented to claimant a policy provision related to the coverage at issue, failed to effectuate a prompt, fair, and equitable settlement, failed to affirm or deny coverage and/or submit a reservation of rights, failing and/or unreasonably delaying this claim based on the fact that a third party is responsible (when the third party is a subcontractor and B&B has paid for coverage of an inadequately insured subcontractor), and refusing to pay a

claim without conducting a reasonable investigation with respect to the claim. Acadia is liable for B&B's damages in an amount within the jurisdictional limits of this court.

C.     VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

5.03     Incorporating the foregoing paragraphs, Acadia has violated the provisions of the Texas Deceptive Trade Practices Act. Specifically Section 17.50(4) relating to violations of Chapter 541 of the Insurance Code. B&B alleges that these violations were intentional within the meaning of Section 17.50, which entitles B&B to recover not more than three times the amount of economic damages. Acadia is liable for the economic damages incurred by B&B as a result of these violations, and further entitled to three times those damage as a result of the intentional acts of Acadia.

## VI.
## INTEREST AND ATTORNEY'S FEES

6.01     B&B is entitled to statutory interest on all sums due it at the rate provided for at law.

6.02     B&B is entitled to post-judgment interest at the statutory rate.

6.03     It has been necessary for B&B to retain the undersigned firm of attorneys to represent it and pursue its claims. B&B is entitled to recover its reasonable and necessary attorney's fees from Defendant pursuant to statute and pursuant to the terms of the contract.

## VII.
## CONDITIONS PRECEDENT

7.01     All conditions precedent have been performed or have occurred as required by TEXAS RULE OF CIVIL PROCEDURE 54.

## VIII.
## PRAYER

**8.01**  WHEREFORE, PREMISES CONSIDERED, B&B prays that Acadia be cited to appear and answer herein and that upon final hearing B&B be granted judgment as follows:

1. Damages against Acadia in an amount within the jurisdiction of this Court;
2. Treble damages as allowed by the DTPA;
3. Prejudgment interest as plead herein;
4. Attorneys' fees as plead herein;
5. Post-judgment interest as plead herein;
6. Costs of court; and
7. Such other and further relief to which B&B may be justly entitled.

Respectfully submitted,

HARRISON STECK, P.C.
512 Main Street, Suite 1100
Fort Worth, Texas 76102
Telephone: (817) 348-0400
Facsimile: (817) 348-0406

By _____
TOBY W. BURKE
tburke@harrisonsteck.com
State Bar No. 00793431

ATTORNEYS FOR PLAINTIFF